**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| ESEAN EDWARDS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:23-CV-221 (LAG) |
| : | |
| WAYNE STEWART TRUCKING, : | |
| STARNET INSURANCE CO., and : | |
| CASEY B. FOREMAN, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Before the Court is Defendant Casey B. Foreman's Motion to Dismiss (Doc. 7), dated April 4, 2024, Defendant Wayne Stewart Trucking's Motion to Dismiss (Doc. 14), dated April 9, 2024, Defendant StarNet Insurance Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum of Law in Support (Motion to Dismiss) (Doc. 16), dated April 12, 2024, and Plaintiff's Motion to Amend the Complaint (Doc. 19), dated April 16, 2024. For the reasons below, Defendants' Motions to Dismiss (Docs. 7, 14, 16) are **GRANTED** and Plaintiff's Motion to Amend (Doc. 19) is **DENIED**.

## BACKGROUND

This suit arises from a worker's compensation dispute between Plaintiff Esean Edwards and his former employer, Defendant Wayne Stewart Trucking Company. (Doc. 1 at 4–5). Plaintiff also names StarNet Insurance Company and Casey Foreman as Defendants. (*Id.* at 2). While Plaintiff does not explain Defendant StarNet Insurance Company's role in this matter, it appears from the allegations that Defendant StarNet Insurance Company might be the company contracted to provide workers compensation benefits. (*See generally id.*). The Complaint contains no allegations about Defendant Foreman. (*See generally id.*).

On or about June 21, 2019, while driving for Defendant Wayne Stewart Trucking, Plaintiff sustained numerous injuries during a "head-on collision with a drunk driver[.]" (*Id.* at 4). Plaintiff received medical care from the time of the accident until February 12, 2020, and Defendant Wayne Stewart Trucking continued to pay Plaintiff through February 14, 2020. (*Id.*). Plaintiff does not state explicitly that his employment was terminated in February 2020, but he does state that that Defendant Wayne Stewart Trucking Company "didn't allow [him] the opportunity to return to light or full work duty." (*Id.*).

With regard to Defendant StarNet Insurance Company, Plaintiff alleges that Defendant StarNet Insurance Company failed to provide benefits to which he was entitled, presumably as a result of the accident. (*Id.*). Specifically, Plaintiff alleges that Defendant StarNet Insurance Company was obligated to pay benefits in the amount of $675.00 per week and failed to do so. (*Id.*). Plaintiff alleges that the weekly benefits owed to him by Defendant StarNet Insurance Company continue to accrue and that he is entitled to 15% interest on the unpaid benefits. (*Id.* at 4–5).

A worker's compensation hearing was held on November 2, 2022, and Plaintiff was awarded $2,300.00 "from January 2020 until February 2020[.]" (*Id.* at 4). He appealed the award to the Appellate Division at the Worker Compensation Office, and the $2,300.00 award was affirmed. (*Id.*). Plaintiff subsequently appealed to the Superior Court of Dougherty County and the Court of Appeals of Georgia. (*Id.*). Neither appeal was successful. (*Id.*). Plaintiff seeks $1,489,183.00 in compensatory damages as of December 15, 2023, $156,026.25 in lost wages from Defendant StarNet Insurance Company, and $488,750.00 in future medical expenses. (*Id.* at 4–5).

Plaintiff filed the Complaint on December 18, 2023. (Doc. 1). On April 4, 2024, Defendant Foreman filed a Motion to Dismiss and a Motion to Stay. (Docs. 7, 8). On April 9, 2024, Defendant Wayne Stewart Trucking Company filed a Motion to Dismiss. (Doc. 14). On April 12, 2024, Defendant StarNet Insurance Company filed a Motion to Dismiss. (Doc. 16). On April 16, 2024, Plaintiff filed a Response to Defendant Foreman's Motion to Dismiss and a Motion to Amend. (Docs. 18, 19). On April 17, 2024, Defendant Key Risk Management Company (Defendant Key Risk) filed a Motion to Dismiss. (Doc. 20).

On June 17, 2024, the Court granted Defendant Foreman's Motion to Stay. (Doc. 31). After granting three extensions to allow Plaintiff to complete process of service on Defendant Key Risk, the Court denied Plaintiff's fourth and fifth motions for extensions and dismissed Key Risk as a defendant. (Doc. 38; *see* Docs. 32–37). The Motions are now ripe for review. *See* M.D. Ga. L.R. 7.2, 7.3, 7.3.1.

## DISCUSSION

Plaintiff brings this action *pro se*. Generally, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (citations omitted)). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 970 n.1 (11th Cir. 2015) (per curiam) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

### I. Defendants' Motions to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs[,]" but the

3

same liberal reading does not apply to legal conclusions. *Anderson*, 17 F.4th at 1344–45 (first quoting *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); and then citing *Iqbal*, 556 U.S. at 678). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

It is axiomatic that federal courts are courts of limited jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999); *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). "They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution' . . . ." *Univ. of S. Ala.*, 168 F.3d at 409 (citation omitted). "Subject matter jurisdiction in a federal court may be based upon federal question or diversity jurisdiction." *Walker v. Sun Tr. Bank of Thomasville*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) (citing 28 U.S.C. §§ 1331, 1332). When a federal court acts outside of its statutory subject-matter jurisdiction, "it violates the fundamental constitutional precept of limited federal power" and "unconstitutionally invades the powers reserved to the states to determine controversies in their own courts[.]" *Univ. of S. Ala.*, 168 F.3d at 409–10 (internal citations and quotation marks omitted).

"[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410. For that reason, the Eleventh Circuit requires federal courts "to inquire into their jurisdiction at the earliest possible point in the proceeding." *Kirkland*, 243 F.3d at 1279–80 (citation omitted); *Univ. of S. Ala.*, 168 F.3d at 410 ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala.*, 168 F.3d at 410 (collecting cases); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any

point in the litigation where a doubt about jurisdiction arises." (citations omitted)). Here, the Court has neither federal question nor diversity jurisdiction.

Plaintiff has failed to plead a claim plausibly raising a federal question. A federal question exists if a civil action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (alteration in original) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Although Plaintiff does not specifically allege federal question jurisdiction, the Court has considered whether the Complaint can be construed to assert federal question jurisdiction and has determined that it cannot.

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds . . . $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Plaintiff alleges the amount in controversy to be $2,357,060.00. (Doc. 1 at 6). Although Plaintiff's Complaint alleges facts sufficient to establish the amount in controversy required, it does not establish complete diversity. (*See id.*). According to the Complaint, both Plaintiff and Defendants Wayne Stewart Trucking and Foreman are residents of the State of Georgia. (*Id.* at 1–2). Because Plaintiff and two of the named defendants are citizens of the same state, Plaintiff has not alleged complete diversity of the parties. As there is no federal question at issue or complete

5

diversity of the parties, the Court does not have subject matter jurisdiction and cannot hear this matter.

## II.     Plaintiff's Motion to Amend Complaint

A plaintiff may amend its complaint "once as a matter of course" within twenty-one days of serving the complaint or within twenty-one days of service of a responsive pleading or motion under Federal Rules of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). In all other cases, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Absent a "specific, significant reason for denial . . . such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment," leave to amend pleadings "should, as the rules require, be freely given." *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Given Rule 15's liberal amendment standard, "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021) (citation omitted). The Eleventh Circuit has instructed that "[a] motion for leave to amend may be denied where amendment would be futile." *Wayne Johnson for Cong., Inc. v. Hunt*, No. 23-10460, 2024 WL 471938, at *5 (11th Cir. Feb. 7, 2024), *cert. denied*, 145 S. Ct. 149 (2024) (quotation marks and citation omitted). "Amendment would be futile 'when the complaint as amended is still subject to dismissal.'" *Id.* (citing *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)).

Plaintiff moves to amend the Complaint, seeking to state claims under Title VII against Defendant Wayne Stewart Trucking Company and Defendant StarNet Insurance Company. (Doc. 19 at 2–3). Again, Plaintiff does not allege any facts against Defendant Foreman in the proposed Amended Complaint. (*See id.*). Defendant Wayne Stewart Trucking Company opposes the amendment as futile because Plaintiff failed to pursue administrative remedies required to bring a Title VII action and because Plaintiff is now

time-barred from doing so. (Doc. 22 at 1, 4). An amendment is futile "when the complaint as amended would still be properly dismissed[.]" *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). While a Title VII claim would invoke the Court's federal question jurisdiction, Plaintiff is procedurally and time-barred from bringing such a claim; and the proposed Amended Complaint would be dismissed. *See* 42 U.S.C. § 2000e-5. Accordingly, as Plaintiff's proposed Amended Complaint is futile, the Motion to Amend (Doc. 19) is **DENIED**.

## CONCLUSION

Accordingly, Defendants' Motions to Dismiss (Docs. 7, 14, 16) are **GRANTED**, and Plaintiff's Motion to Amend (Doc. 19) is **DENIED**.

**SO ORDERED**, this 5th day of March, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**