IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

|  |  |  |
|---|---|---|
| ESEAN EDWARDS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:23-CV-221 (LAG) |
| | : | |
| WAYNE STEWART TRUCKING, | : | |
| STARNET INSURANCE COMPANY, | : | |
| and CASEY B. FORMAN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Plaintiff's Allegation of Discrimination and Personal Injury Report (Motion). (Doc. 58).  For the reasons below, Plaintiff's Motion is **DENIED**.

## BACKGROUND

On March 5, 2025, the Court granted Defendants' Motions to Dismiss (Docs. 7, 14, 16), finding that the Court lacked subject matter jurisdiction, and denied Plaintiff's Motion to Amend the Complaint (Doc. 19) on futility grounds. (*See generally* Doc. 43). On March 6, 2025, judgment was entered in favor of Defendants. (Doc. 44). On April 3, 2025, Plaintiff filed a Notice of Appeal; and, on September 12, 2025, the Eleventh Circuit dismissed the appeal for failure to prosecute. (Docs. 45, 56–57). On October 27, 2025, Plaintiff filed the subject Motion. (Doc. 58). Defendant StarNet Insurance Company (StarNet) responded on November 17, 2025. Plaintiff did not reply. (*See* Docket). Thus, the Motion is now ripe for review. *See* M.D. Ga. L.R. 7.2.

## DISCUSSION

Plaintiff's Motion is an improper attempt to relitigate his case. Even if the Court construes the Motion as a motion for reconsideration under Rule 60(b), Plaintiff's Motion is due to be denied. "[M]otions for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of

judgment.'" *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). Under Rule 60(b),

> the district court may relieve a party of a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged, that is based on an earlier judgment that has been reversed or vacated, or that it would no longer be equitable to apply prospectively; or (6) any other reason that justifies relief.

*Jones v. Thomas*, 605 F. App'x 813, 815 n.1 (11th Cir. 2015) (per curiam) (citing Fed. R. Civ. P. 60(b)). "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

Plaintiff's Motion reasserts his claims against Defendant StarNet. (*See generally* Doc. 58). These claims were dismissed by the Court for lack of subject matter jurisdiction. (Doc. 43 at 3–6). Plaintiff's Motion does not assert any of the conditions or extraordinary circumstances necessary for Rule 60 reconsideration. Accordingly, Plaintiff's Motion (Doc. 58) is **DENIED**.

**SO ORDERED**, this 6th day of February, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**